**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Galisa S. Mitioglo, Appellant,

v.

William F. Voyles, Respondent.

Appellate Case No. 2013-000019

———————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-311
Submitted July 1, 2014 – Filed August 6, 2014

———————

**AFFIRMED**

———————

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellant.

Langdon Cheves, III, of Turner Padget Graham & Laney, PA, of Greenville, for Respondent.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *Duncan v. Hampton Cnty. Sch. Dist. No. 2*, 335 S.C. 535, 547, 517 S.E.2d 449, 455 (Ct. App. 1999) ("The trial court *must* grant a new trial absolute if the verdict is so grossly excessive that it shocks the conscience of the court and

clearly indicates the amount of the verdict was the result of caprice, passion, prejudice, partiality, corruption, or other improper motive.  Alternatively, the trial court *may* grant a new trial absolute when, sitting as the thirteenth juror, it concludes the jury's verdict is not supported by the evidence.  However, [t]he jury's determination of damages is entitled to substantial deference.  On appeal, the appellate court reviews a denial of a new trial motion for an abuse of discretion.  The appellate court will not reverse the trial court's decision unless it is controlled by an error of law or is not supported by the evidence." (alteration in original) (citations and internal quotation marks omitted)).

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.